IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Respondent,               No. CR S-07-0571 GEB EFB P

    vs.

ARMANDO SANCHEZ,

        Movant.                  ORDER

_____/

        Movant, a federal prisoner proceeding pro se, filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

        On May 20, 2011, the assigned magistrate judge filed findings and recommendations recommending that movant's motion be dismissed because despite warnings from the court, movant failed to respond to respondent's motion to dismiss. Dckt. No. 291. In his objections to the findings and recommendations, movant requested that the undersigned set aside the findings and recommendations, address his § 2255 motion on the merits, and issue a certificate of appealability. Dckt. No. 296. On July 14, 2011, the undersigned adopted the magistrate judge's recommendation and dismissed movant's § 2255 motion, without addressing movant's request for a certificate of appealability. Dckt. No. 305.

Thereafter, movant filed a motion for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, requested a certificate of appealability, and filed a notice of appeal.  Dckt. No. 313.  Movant also requested leave to proceed in forma pauperis on appeal. Dckt. No. 317.  On September 14, 2011, the Court of Appeals for the Ninth Circuit remanded the case to this court for the purpose of granting or denying a certificate of appealability.  Dckt. No. 318.  For the reasons stated below, the undersigned denies movant's Rule 60(b) motion, declines to issue a certificate of appealability, and denies movant's request for leave to proceed in forma pauperis on appeal.

According to Rule 60(b) of the Federal Rules of Civil Procedure:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Movant does not demonstrate he is entitled to relief under Rule 60(b).  Even were the court to reconsider its order dismissing movant's § 2255 motion, it would still not reach the merits of the motion because the motion is barred by the statute of limitations.  Here, the one-year statute of limitations began to run on the date movant's judgment of conviction became final.[1]  *See* 28 U.S.C. § 2255(f).  In this case, judgment was entered on August 25, 2009.  Dckt. No. 179. Movant did not file an appeal.  Therefore, movant's conviction became final on September 4, 2009, ten days after the entry of judgment.  *See* Fed. R. App. P. 4(b)[2]; United States v. Schwartz,

---

[1] Movant offers no basis for applying any of the alternative start dates for the limitations period as set forth in 28 U.S.C. § 2255(f).

[2] In December 2009, the time for filing a notice of appeal set in Rule 4(b) of the Federal Rules of Appellate Procedure was amended from ten days to fourteen days.

274 F.3d 1220, 1223 (9th Cir. 2001) ("Thus, as to Schwartz, and except for the grace period of the AEDPA, the statute of limitations within which she had to file her § 2255 motion began to run upon the expiration of the time during which she could have sought review by direct appeal."). The one-year limitations period for seeking relief pursuant to 28 U.S.C. § 2255 therefore expired on September 4, 2010. Movant did not file his § 2255 motion until October 29, 2010. See Houston v. Lack, 487 U.S. 266, 276 (1988); Dckt. No. 256 at 19 (certificate of service dated October 29, 2010). While the statute of limitations "is subject to equitable tolling in appropriate cases," equitable tolling is not justified here because movant has not shown, or even suggested, through any of his filings, that he pursued his rights diligently or that some extraordinary circumstance prevented him from timely filing his motion. See Holland v. Florida, 130 S.Ct. 2549, 2560, 2562 (2010); United States v. Battles, 362 F.3d 1195, 1197 (9th Cir. 2004) (determining that the statute of limitations contained in § 2255 is subject to equitable tolling). Pursuant to the limitations period set forth in 28 U.S.C. § 2255(f), movant's § 2255 motion is time-barred.

        The court also declines to issue a certificate of appealability. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where, as here, the motion was dismissed on procedural grounds, a certificate of appealability should issue if reasonable jurists would find it debatable whether the procedural ruling was correct, and whether the motion states a valid claim of the denial of a constitutional right. See Morris v. Woodford, 229 F.3d 775, 780 (9th Cir. 2000). After careful review of the entire record herein, the undersigned concludes that movant has not satisfied these standards, and will therefore not issue a certificate of appealability.

        Lastly, the court addresses movant's August 24, 2011 request to proceed in forma pauperis on appeal. Dckt. No. 317. Rule 24(a) of the Federal Rules of Appellate Procedure provides that a party to a district court action who desires to proceed in forma pauperis on appeal

must file a motion in the district court which:

    (A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs;

    (B) claims an entitlement to redress; and

    (C) states the issues that the party intends to present on appeal.

Fed. R. App. P. 24(a)(1). Movant filed an affidavit which demonstrates his inability to pay or to give security for fees and costs. Movant, did not, however, sign the affidavit, nor did he claim entitlement to redress or describe the issues he intends to present on appeal.

    Accordingly, IT IS HEREBY ORDERED that:

    1. Movant's Rule 60(b) motion for relief from judgment is denied.

    2. The court declines to issue a certificate of appealability.

    3. Movant's August 24, 2011 request to proceed in forma pauperis on appeal is denied.

    4. The Clerk of the Court is directed to serve a copy of this order on the United States Court of Appeals for the Ninth Circuit, and movant is hereby informed that he may file a motion to proceed in forma pauperis in the United States Court of Appeals for the Ninth Circuit. *See* Fed. R. App. Proc. 24(a)(5).

Dated: October 14, 2011

_____
GARLAND E. BURRELL, JR.
United States District Judge